**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**NICOLE M. TRACEY,**

               **Plaintiff,**

                                  **Case No. 2:14-cv-1379**
      **v.**                        **JUDGE GREGORY L. FROST**
                                  **Magistrate Judge Elizabeth P. Deavers**

**COMMISSIONER OF**
**SOCIAL SECURITY,**

               **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of the Magistrate Judge's August 12, 2015 Report and Recommendation ("R&R") (ECF No. 18), Plaintiff's objections thereto (ECF No. 19), and the Commissioner of Social Security's ("Commissioner") memorandum in opposition to Plaintiff's objections (ECF No. 23). For the reasons that follow, the Court **OVERRULES** Plaintiff's objections and **AFFIRMS AND ADOPTS** the R&R.

    **I.**       **BACKGROUND**

Plaintiff applied for disability benefits on March 24, 2011, alleging that she has been disabled since November 2009 due to depression, anxiety, and a sleep disorder. An administrative law judge ("ALJ") heard Plaintiff's case on March 20, 2013. The ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. That decision became the Commissioner's final decision when the Appeals Council denied review.

Two specific portions of the ALJ's written decision are relevant to this Opinion and Order. First, the ALJ discussed the opinion of Plaintiff's treating physician, Dr. Agabalyan, who opined that Plaintiff would not be able to work for twelve months or more due to a mood

disorder and bipolar disorder. The ALJ declined to give controlling weight to Dr. Agabalyan's opinion. In support of that decision, the ALJ noted that the opinion was conclusory and was inconsistent with other medical evidence in the record, Plaintiff's conservative mental health treatment history, and Plaintiff's high-functioning daily living activities. The ALJ further noted that Dr. Agabalyan relied heavily on Plaintiff's subjective complaints, which were not entirely credible given her "extreme allegations" and "inconsistent statement[s]." (ECF No. 8, at PAGEID # 97.)

Also relevant to this Opinion and Order is the ALJ's decision to give "great weight" to the opinion of the state-agency psychological consultants, "who opined that the claimant is capable of simple, routine tasks with no rapid pace demands, minimal social distractions, infrequent changes, and occasional and superficial interpersonal contact." (ECF No. 8, at PAGEID # 96.) The ALJ found this opinion to be "well supported by general normal mental status examinations throughout the record, the claimant's conservative mental health treatment history with no psychiatric hospitalizations or mental health counseling, and the claimant's high functioning activities of daily living, which include childcare and work activity." (*Id*.)

Certain actions taken by the Appeals Council are also relevant to this Opinion and Order. After the ALJ issued his written decision, Dr. Agabalyan completed an assessment form relating to the period prior to the date on which the ALJ issued his decision. The Appeals Council denied review of the ALJ's decision without explicitly mentioning and/or considering the assessment form.

Plaintiff seeks judicial review of the Commissioner's decision. In her Statement of Specific Errors filed with this Court, Plaintiff argued that the ALJ erred by failing to grant controlling weight to Dr. Agabalyan's opinion in violation of the "treating physician rule," which

requires an ALJ to give deference to the opinions of a treating source if his or her opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record.  20 C.F.R. § 416.927(a)(2).  Plaintiff further argued that the ALJ erred by affording significant weight to the "less informed" state-agency consultants.  (ECF No. 9, at PAGEID # 657.)  Plaintiff also argued that the Appeals Council failed to consider new and material evidence because it failed to reference the questionnaire submitted by Dr. Agabalyan in its decision to decline review.

The Magistrate Judge considered Plaintiff's Statement of Specific Errors and issued an R&R recommending that the Court overrule the same.  Regarding the first asserted error, the Magistrate Judge acknowledged that Dr. Agabalyan is a treating physician such that the "treating physician rule" applied.  The Magistrate Judge found, however, that the ALJ provided several good reasons for assigning little weight to Dr. Agabalyan's opinion.  The Magistrate Judge also found that substantial evidence supports the ALJ's stated reasons for discounting Dr. Agabalyan's opinion.

The Magistrate Judge similarly rejected Plaintiff's argument that the ALJ erred in crediting the state-agency psychologists.  Although the Magistrate Judge acknowledged that these psychologists did not have access to the entire record (because they did not review Dr. Agabalyan's opinions), the Magistrate Judge concluded that the ALJ "properly considered all of the evidence in the record, including the treatment notes from Dr. Agabalyan that were later submitted."  (ECF No. 18, at PAGEID # 717.)  Citing *Ruby v. Colvin*, No. 2:13-CV-01254, 2015 WL 1000672, at *4 (S.D. Ohio Mar. 5, 2015), the Magistrate Judge noted that an ALJ has not abused his discretion as long as he "considers additional evidence occurring after a state agency physician's opinion."  (ECF No. 18, at PAGEID # 717.)

3

The Magistrate Judge similarly rejected Plaintiff's argument regarding the Appeals Council.  After noting that the Appeals Council denied review such that the ALJ's decision is the final decision for purposes of judicial review, the Magistrate Judge found that "the only circumstance under which the new and material evidence will be reviewed is if this Court finds that a Sentence six remand is proper."  (*Id.* at PAGEID #722.)  The Magistrate Judge then analyzed sentence six of 42 U.S.C. § 405(g) and found that remand was not warranted in this case.

Plaintiff timely objected to the Magistrate Judge's conclusions.  The Court will consider those objections below.

## II.     DISCUSSION

### A.  Standard of Review

When a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

This standard must be applied consistently with the Court's standard of review in social security cases:

> When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). Although the substantial evidence standard is deferential, it is not trivial.

The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. *v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

(ECF No. 18, at PAGEID # 703–04.)

### B. Analysis

As an initial matter, Plaintiff purports to incorporate all arguments made in her Statement of Specific Errors into her objections. Such a statement is akin to arguing that the Magistrate Judge generally erred by not accepting Plaintiff's arguments in the first instance, which is of no legal consequence. *See, e.g., Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (a general statement that the magistrate judge erred "has the same effect as would a failure to object"). The Court proceeds to consider only those specific portions of the R&R to which Plaintiff properly objected.

### 1. First Objection: "The ALJ Failed to Provide Good Reasons for Rejecting the Treating Source"

Plaintiff first objects to the Magistrate Judge's conclusion that substantial evidence supports the ALJ's decision to afford little weight to Dr. Agabaylan's opinion. Plaintiff argues that the reasons the ALJ cited in support of his decision are legally insufficient. Specifically, Plaintiff argues that her conservative mental health treatment and lack of psychiatric hospitalization or an arrest record cannot support the ALJ's decision to discount Dr. Agabaylan's opinion because, in doing so, "the ALJ and the Magistrate Judge are implicitly compelling an

individual to meet listing level requirements."  (ECF No. 19, at PAGEID # 727.)  But this argument is without merit given that the ALJ did not "require such proof," (*id*.), but instead considered the lack of such proof as one factor of many that did not support a finding of unemployability.  Indeed, the Magistrate Judge explicitly made this point: "[C]ontrary to Plaintiff's assertion, the ALJ did not suggest that Plaintiff had to have been hospitalized or arrested to support her claim; he is simply stating that given the subjective reports of temper, anger, confrontation, and homicidal ideations, one might expect Plaintiff to have received inpatient psychiatric care or faced criminal charges."  (ECF No. 18, at PAGEID # 714.)

Plaintiff next argues that the Magistrate Judge erred because the ALJ only considered isolated mental status exams in holding that the same were inconsistent with Dr. Agabaylan's opinion.  Plaintiff argues that other exams include "significant psychological problems."  (ECF No. 19, at PAGEID # 727.)  Plaintiff further argues that some normal mental health examinations should be "expected" given her diagnosis of bipolar disorder.  (*Id*. at PAGEID # 728.)

Although it is true that an ALJ must consider the record as a whole, Plaintiff's argument that other exams would have supported the opposite conclusion is not grounds to reject the ALJ's opinion.  *See, e.g., Blakley*, 581 F.3d at 406.  Plaintiff fails to persuade the Court that the exams she cites render the record as a whole inconsistent with the Magistrate Judge's and the ALJ's findings on this point.  And Plaintiff's argument that a bipolar diagnosis presupposes some normal mental health examinations is unsupported and is not grounds to set aside the Magistrate Judge's decision.  It goes without saying that the Court is not equipped to opine—without medical evidence—about the types of medical evaluations that typically accompany a bipolar diagnosis.

For her next argument, Plaintiff argues that "the allegation that Dr. Agabalyan heavily relied on [Plaintiff's] subjective complaints is not a valid 'good reason' " for rejecting Dr. Agabalyan's opinion.  (ECF No. 19, at PAGEID # 728.)  Although the Court agrees with Plaintiff in principle that

medical opinions regarding mental disorders depend (at least in part) on subjective complaints, that is only part of the equation in this case.  The ALJ noted that Dr. Agabalyan's opinion was not compelling because Dr. Agabalyan relied heavily on Plaintiff's subjective complaints *and* because Plaintiff was not entirely credible.  Plaintiff does not challenge the ALJ's credibility finding.  Given these facts, Plaintiff's argument on this point does not warrant setting aside the R&R.

Plaintiff's argument that the Magistrate Judge erred because "it is reversible error for an ALJ to conflate the ability to perform household chores sufficiently well to live alone with the ability to work a 'sedentary-level job five days a week, eight hours a day,' " (*id*. at PAGEID # 729 (quoting *Stennett v. Comm'r*, 476 F. Supp. 2d 665, 672 (E.D. Mich. 2007))), is similarly unavailing.  The daily living activities that both the ALJ and the Magistrate Judge considered far exceed Plaintiff's characterization of "performing household chores sufficiently well."  The Magistrate Judge cited the ALJ's discussion of Plaintiff's ability to care for children without assistance, prepare meals for herself and her children, get her children off to school every morning, clean up and perform household chores, attend to personal care, shop in stores weekly, handle her family's finances, care for pets, and drive an automobile, among other activities.  Plaintiff's argument on this point amounts to a mischaracterization of the record.

For her final argument regarding Dr. Agabalyan, Plaintiff asserts that both the Magistrate Judge and the ALJ erred by noting that Dr. Agabalyan's opinion was conclusory.  Plaintiff argues that Dr. Agabalyan's opinion was not conclusory, and provides evidence in support of that conclusion, but does not address the Magistrate Judge's statement that Dr. Agabalyan's opinion "failed to specify Plaintiff's specific capabilities and limitations."  (ECF No. 18, at PAGEID # 708.) Because Dr. Agabalyan opined that Plaintiff would not be able to work for twelve months or more due to a mood disorder and bipolar disorder, without specifying Plaintiff's specific limitations, Plaintiff fails to demonstrate reversible error in this regard.

2.  *Second Objection: "The ALJ Committed Legal Error by Relying on the State Agency Doctors"*

For her second objection, Plaintiff does not object to the Magistrate Judge's conclusion that the ALJ considered all of the evidence in the record, including the questionnaire that Dr. Agabalyan submitted after the state-agency doctors issued their opinions.  Instead, Plaintiff argues that the ALJ improperly relied on the state-agency opinions notwithstanding his (the ALJ's) explicit consideration of Dr. Agabalyan's treatment notes.  Plaintiff appears to be arguing that the state-agency psychologists would have reached a different conclusion had they reviewed Dr. Agabalyan's treatment notes, such that the state-agency opinions are not reliable.

The Court finds this argument to be without merit.  Plaintiff again mischaracterizes the record when she implies that the state-agency psychologists would have credited Dr. Rowland's opinions if they had access to Dr. Agabalyan's treatment notes.  The state-agency psychologists found that Dr. Rowland's opinions "are not supported by any evidence other than the clmts [sic] own reports," (ECF No. 8, at PAGEID # 149), and that the "reported disabling degree of limitation is not supported by objective findings in file.  The clmt is not receiving professional mental health tx and she has no hx of psych IP despite reported significant problems with socialization."  (*Id*. at PAGEID # 148.)  The state agency psychologists concluded that Plaintiff's mental health issues limited her "ability to perform highly skilled work tasks" and "relate appropriately with other people for work-related purposes," but that Plaintiff "retain[ed] the mental capacity to perform simple and routine tasks."  (*Id*. at PAGEID # 164.)  The ALJ agreed, finding this opinion to be "well supported by general normal mental status examinations throughout the record, the claimant's conservative mental health treatment history with no psychiatric hospitalizations or mental health counseling, and the claimant's high functioning activities of daily living, which include childcare and work activity."  (*Id*. at PAGEID #96.)

Plaintiff fails to point to any specific findings in Dr. Agabalyan's treatment notes that undermine the state-agency psychologists' opinion on this point. Plaintiff's vague assertion that "Dr. Agabalyan opined significant mental health problems" (ECF No. 19, at PAGEID # 731)), for example, does not explain why the state-agency psychologists should have found a "disabling degree of limitation." That is especially true given the fact that the ALJ found Dr. Agabalyan's opinion to be conclusory and inconsistent with the objective evidence in the record.

Regarding the specific argument that Plaintiff raised in her Statement of Specific Errors—that the ALJ erred by failing to consider a questionnaire completed by Dr. Agabalyan— the Court agrees with the Magistrate Judge that this argument is without merit. The ALJ considered Dr. Agabalyan's notes and properly compared those notes to the other medical opinions and to the objective evidence in the record. The ALJ similarly considered the state-agency psychologists' opinion and found the limitations they found to exist to be consistent with the evidence in the record. The Magistrate Judge's passing reference to the fact that "the state-agency psychologists did not have access to the entire record at the time they rendered their opinion," (ECF No. 18, at PAGEID # 717), does not alter this conclusion. The Court finds no error by the Magistrate Judge in this regard.

### 3. Third Objection: "The Appeals Council Erred by Failing to Consider Newly Submitted Evidence"

Plaintiff's third objection simply does not make sense. Plaintiff does not object to the Magistrate Judge's conclusion that, because the Appeals Council denied review, "the only circumstance under which the alleged new and material evidence will be reviewed is if this Court finds that a Sentence six remand is proper." (ECF No. 18, at PAGEID # 722.) Instead, Plaintiff argues that she was "not try[ing] to show that a Sentence Six remand was appropriate." (ECF No. 19, at PAGEID # 732.) Because Plaintiff does not object to the Magistrate Judge's

preliminary finding that the Appeals Council's decision to deny review precludes the Court from reviewing actions taken at the administrative appellate level, the Court need not consider Plaintiff's arguments regarding sentence six.

The gist of Plaintiff's argument on this point appears to be that the Appeals Council's decision to deny review constitutes a "decision" that invokes the language of 20 C.F.R. § 404.1527(e)(3) ("When the Appeals Council makes a decision, it will follow the same rules for considering opinion evidence as administrative law judges follow."). But the Magistrate Judge implicitly rejected that argument as discussed above. Plaintiff does not address the Magistrate Judge's conclusion on this point and therefore fails to properly object to the same.

Plaintiff's argument makes even less sense given that the Appeals Council addressed medical evidence submitted subsequent to the ALJ's decision. According to Plaintiff in her Statement of Specific Errors, the Appeals Council mentioned in its decision to deny review that it looked at two pieces of medical evidence that were submitted subsequent to the ALJ's decision, but stated that this evidence did not affect the decision about whether Plaintiff was disabled. Plaintiff appears to be arguing that the Appeals Council erred by not specifically mentioning whether the assessment completed by Dr. Agabalyan was included in those pieces of evidence. But that argument is only relevant if the Court were reviewing the Appeals Council's actions in denying review of the ALJ's decision, which is the exact course of action that the Magistrate Judge rejected. Plaintiff makes no effort to explain why the Magistrate Judge's decision on this point should be set aside.

Put simply, the Magistrate Judge found (and Plaintiff does not dispute) that the only question with regard to Dr. Agabalyan's assessment is whether that evidence warrants remand

under sentence six.  Plaintiff concedes that sentence six remand is not appropriate.  Plaintiff therefore fails to demonstrate reversible error by the Magistrate Judge on this issue.

## III.    CONCLUSION

Having found that none of Plaintiff's objections warrant a modification to the R&R, the Court **OVERRULES** Plaintiff's objections (ECF No. 19), **AFFIRMS AND ADOPTS** the R&R (ECF No. 18), and **AFFIRMS** the Commissioner's decision with respect to Plaintiff's claim. The Clerk is **DIRECTED** to enter judgment accordingly and remove this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

> **/s/ Gregory L. Frost**
> **GREGORY L. FROST**
> **UNITED STATES DISTRICT JUDGE**